IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEO A. FILIPOVITS, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES POSTAL SERVICE | : | NO. 11-3355 |

Goldberg, J.                                                                                          April 29, 2013

## MEMORANDUM OPINION

Plaintiff, Leo A. Filipovits, initiated this action under the Rehabilitation Act, 29 U.S.C. § 701 et seq., alleging that his employer, Defendant, United States Postal Service, discriminated against him on the basis of his disability. Defendant filed a motion to dismiss Plaintiff's second amended complaint, or in the alternative, a motion for summary judgment, on July 2, 2012. For the reasons stated below, we will grant Defendant's motion for summary judgment.

### I. FACTUAL AND PROCEDURAL BACKGROUND

#### A. Factual History

According to the second amended complaint, Plaintiff's employment with Defendant began in 1987, when he was hired as a rural carrier. In October of 1993, Plaintiff was involved in a work-related motor vehicle accident, injuring his back, chest and foot. As a result of these injuries, Plaintiff received workmen's compensation from October 1993 through October 2001. (2d Am. Compl., Doc. No. 18, ¶¶ 4, 6, 9.) Plaintiff held the title of a rural carrier from October 2001 through January 19, 2007, but claims he only performed clerk work during that time period. (Id. at ¶ 12.)

Plaintiff was assigned to a permanent modified clerk position on January 20, 2007. (Id. at Ex. B.) On April 23, 2007, Plaintiff's physician, Dr. Marzena Bieniek, opined that Plaintiff's

1

post-traumatic low back pain and psoriatic arthritis resulting from the accident were progressive and chronic. Dr. Bieniek recommended that Plaintiff work an eight hour day in a sedentary capacity and that he not lift anything in excess of ten pounds. (Id. at Ex. C.) However, on August 29, 2008, Plaintiff was notified that he would be involuntarily reassigned to a different, unnamed position on the tentative date of November 23, 2008. (Def.'s Mot., Ex. B.) Plaintiff received a notification of personnel action on February 28, 2009, which purported to involuntarily reassign him to the position of full-time city carrier. (2d Am. Compl., Ex. D.) However, this reassignment was not effectuated until April 24, 2009, when the assigned position of city letter carrier was modified in an attempt to comply with Plaintiff's medical restrictions. (See Doc. No. 24, Ex. B; Filipovits Decl., Doc. No. 24, ¶ 11.)

Prior to his reassignment, in January of 2009, Dr. Edward Schwartz, Plaintiff's podiatrist, informed Plaintiff that he would need surgery on his left foot. (2d Am. Compl. ¶ 16.) The surgery took place on June 4, 2009. Due to complications, a further surgery was performed on July 8, 2009. Following the surgeries, Plaintiff was again approved for workmen's compensation. (Id. at ¶¶ 22-24.)

Plaintiff returned to the modified carrier position in July of 2010, but was "limited in his ability to walk, stand, or exit a postal vehicle because of [the] injuries Plaintiff sustained from the 1993 vehicle accident." (Id. at ¶ 28.) "Thereafter," Plaintiff requested that Defendant accommodate his disability by allowing him to "return to the same or similar clerk work that Plaintiff had done since October of 2001." (Id. at ¶ 29.) Plaintiff claims that clerk work was available, as other employees received light duty in the Lehigh Valley Distribution facility. (Id. at ¶ 18.) Plaintiff has failed to indicate how Defendant responded to his request.

Plaintiff worked for Defendant until October of 2010, when, following a hearing before the Department of Labor, a determination was made that Plaintiff was eligible for disability. Plaintiff alleges that the decision to grant him disability was in an effort "to force him out and get him to retire." (Id. at ¶¶ 32, 34-36, 39, Ex. H.)

B.  **Procedural History**[1]

Plaintiff first initiated contact with an Equal Employment Opportunity ("EEO") counselor for pre-complaint counseling on August 14, 2008. He filed a form supplying information for counseling on August 23, 2008, a few days prior to being notified of the involuntary reassignment, stating that he was concerned about the security of his position due to the recent loss of six clerk positions in his office. (Def.'s Mot., Ex. A.) On October 10, 2008, Plaintiff received a Notice of Right to File from the EEO counselor, stating that he had "[fifteen] days from the date of receipt of th[e] letter to file a timely formal complaint." He was also notified that failure to file within the fifteen day time limit could result in dismissal of his complaint. (Id. at Ex. D.) Plaintiff filed an EEO Complaint on August 5, 2009. (Id. at Ex. E.)

On August 24, 2009, the EEO dismissed Plaintiff's complaint as untimely. (Id. at Ex. G.) Plaintiff appealed this decision, arguing that he was "unable to maintain the appropriate level of diligence" due to his health conditions. On March 2, 2010, Plaintiff received notice that the EEOC affirmed the agency decision. The decision stated that Plaintiff's health issues did not excuse the nearly ten month delay, given that "complainant was working at the agency eight hours a day" in the month following his receipt of the notice of right to file a complaint. The decision also noted that Plaintiff had the right to file a civil action within ninety days of its receipt. (Id. at Ex. H.)

---

[1] The following facts are undisputed unless otherwise noted.

3

The present action was initiated through a praecipe for a writ of summons[2] in the Court of Common Pleas of Lehigh County, Pennsylvania on May 26, 2010. (2d Am. Compl. ¶ 40.) This action was removed to the United States District Court for the Eastern District of Pennsylvania on May 24, 2011, and Plaintiff filed his first amended complaint on October 3, 2011. Defendant subsequently filed a motion to dismiss the amended complaint, or alternatively, for summary judgment. On May 18, 2012, this Court granted in part and denied in part Defendant's motion, and provided Plaintiff with leave to amend.[3] (Doc. No. 17.) Plaintiff filed his second amended complaint on June 15, 2012.

Defendant's motion to dismiss the second amended complaint, or alternatively, for summary judgment was filed on July 2, 2012. Therein, Defendant argues that Plaintiff has failed to state a claim for which relief can be granted, and also that Plaintiff's claim must be dismissed for failure to exhaust administrative remedies. On April 3, 2013, this Court notified the parties that it may convert Defendant's motion into a motion for summary judgment, and invited the parties to submit further briefing or documentation relevant to the issue of Plaintiff's exhaustion of administrative remedies.[4] (Doc. No. 23.) Defendant's motion is now fully briefed and ready

---

[2] Under the Pennsylvania Rules of Civil Procedure, "an action may be commenced by filing with the prothonotary: (1) a praecipe for a writ of summons, or (2) a complaint." PA. R. CIV. P. 1007.

[3] In our previous Order, Plaintiff's claims under the Age Discrimination in Employment Act and the Pennsylvania Human Relations Act were dismissed. (Doc. No. 17, p. 7.) Although we expressed concern with the complaint's lack of factual support for a claim under the Rehabilitation Act, our Order denied Defendant's motion with regard to that claim. So as to more fully understand Plaintiff's claim, we granted leave to amend the complaint. (Id. at pp. 5-8.)

[4] A motion to dismiss may be converted into a motion for summary judgment where "matters outside the pleadings are presented to and not excluded by the court," and all parties are given a "reasonable opportunity to present all the material that is pertinent to the motion." FED. R. CIV. P. 12(d). See also Ford Motor Co. v. Summit Motor Prods., Inc., 930 F.2d 277, 284 (3d Cir. 1991).

for disposition.[5]

## II. STANDARD OF REVIEW

A party moving for summary judgment bears the initial burden of demonstrating that there are no genuine issues of material fact and that judgment is appropriate as a matter of law. FED. R. CIV. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once a properly supported motion for summary judgment has been made, the burden shifts to the non-moving party, who must set forth specific facts showing that there is a genuine issue of material fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). An issue is "genuine" if a reasonable jury could rule in favor of the non-moving party based on the evidence presented. Kaucher v. Cnty. of Bucks, 455 F.3d 418, 423 (3d Cir. 2006). The non-moving party cannot avert summary judgment with speculation or conclusory allegations, but rather must cite to the record. Ridgewood Bd. of Educ. v. N.E. for M.E., 172 F.3d 238, 252 (3d Cir. 1999); FED. R. CIV. P. 56(c). On a motion for summary judgment, the court considers the evidence in the light most favorable to the non-moving party. Anderson, 477 U.S. at 256.

## III. DISCUSSION

Before bringing a claim for violation of the Rehabilitation Act, a plaintiff must exhaust his administrative remedies. Wilson v. MVM, Inc., 475 F.3d 166, 173 (3d Cir. 2007). First, a plaintiff must contact an EEO counselor within forty-five days of the alleged discriminatory event or action. 29 C.F.R. § 1614.105(a). After receiving notice of a right to file an individual complaint, a plaintiff must file such complaint with the appropriate agency within fifteen days. 29 C.F.R. § 1614.106. Finally, within ninety days of receiving a final action on the complaint, or within ninety days of any appeal of that final action, a plaintiff may file a civil action in the

---

[5] In response to this Court's April 3, 2013 Order, both parties filed additional exhibits, and Defendant filed a supplemental brief. (See Docs. No. 24, 25.)

appropriate court.  29 C.F.R. § 1614.407.  Failure to comply with any of these steps may be raised as an affirmative defense, with the defendant bearing the burden of proof.  Williams v. Runyon, 130 F.3d 568, 573 (3d Cir. 1997).  The requirement that a plaintiff exhaust his administrative remedies prior to seeking relief in court serves a number of purposes, including "promot[ing] administrative efficiency, respect[ing] executive autonomy . . . provid[ing] courts with the benefit of an agency's expertise, and serv[ing] judicial economy by having the agency compile the factual record."  Wilson, 475 F.3d at 173 (quotation marks omitted).

Defendant argues that Plaintiff has failed to comply with any of the above-mentioned time limits.  With regard to the requirement that Plaintiff file a formal complaint with the appropriate agency within fifteen days of receiving notice of the right to do so, it is undisputed that Plaintiff was sent such notice on October 10, 2008, and that this notice explained the fifteen-day time limit.  (See Filipovits Decl., Doc. No. 24, ¶ 8.)  Although Plaintiff's second amended complaint states that a signed EEOC Complaint of Discrimination was filed with the appropriate agency on October 10, 2008, upon being given the opportunity to supplement the record to support this assertion, Plaintiff has failed to do so.  Instead, Plaintiff attached the same complaint to his supplement as that cited to by Defendant, which shows that a formal complaint was not filed until August 5, 2009, and thus is out of time by nearly ten months.  Therefore, we find that there is no genuine issue of material fact that Plaintiff's EEO complaint was untimely, and accordingly, that he failed to exhaust his administrative remedies.[6]

Although a plaintiff's claim may be dismissed for failure to exhaust administrative remedies, the requirement is prudential, not jurisdictional.  Wilson, 475 F.3d at 175.  Therefore,

---

[6] In light of our finding that Plaintiff did not comply with the fifteen-day deadline prescribed by 29 C.F.R. § 1614.106, we need not address Defendant's arguments that Plaintiff was also untimely in contacting an EEO counselor and in commencing his civil action.

like a defense based on a violation of the statute of limitations, failure to exhaust administrative remedies "is subject to waiver, estoppel and equitable tolling."[7] Id. at 174. "Plaintiff bears the burden of proving that equitable tolling applies." Estacio v. Potter, 2008 WL 356478, at *6 (E.D. Pa. Feb. 6, 2008).

The doctrine of equitable tolling gives courts discretion to allow a plaintiff to bring suit despite his failure to comply with statutory time limits in certain circumstances. Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 240 (3d Cir. 1999). Such circumstances include: (1) "when the defendant has actively misled the plaintiff"; (2) "when the plaintiff in 'some extraordinary way' was prevented from asserting her rights"; or (3) "when the plaintiff timely asserted her rights in the wrong forum." Id. (citing United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998)). Courts should use equitable tolling sparingly, and only when equity so demands. Alicia v. Karestas, 2008 WL 4108056, at *3 (E.D. Pa. Aug. 28, 2008) (citing Seitzinger, 165 F.3d at 239)).

Although we provided Plaintiff the opportunity to submit further briefing on this issue, he has failed to do so. The only argument raised is that made before the EEOC—that Plaintiff's health prevented him from meeting the fifteen-day deadline. (Pl.'s Resp., Doc. No. 22, p. 8.) However, as the EEOC noted in its decision, Plaintiff does not dispute that he worked full-time during that fifteen-day period. This does not rise to the level of being prevented from asserting his rights in an "extraordinary way."

Plaintiff's supplemental affidavit explains that he did not file a formal complaint with the EEO until August 5, 2009 because he was content with his employment as a clerk and had no reason to complain until his reassignment was enacted. (Filipovits Decl., Doc. No. 22, ¶¶ 18-

---

[7] As neither waiver nor estoppel has been alleged, we will only address the issue of equitable tolling.

19.) However, given that Plaintiff was notified that he would be involuntarily reassigned on August 29, 2008, it is unclear how this explanation would excuse his untimely filing. Even assuming, as Plaintiff seems to suggest, that an allegedly discriminatory action did not take place until he returned to work following his surgeries and began his new position as a mail carrier, Plaintiff did not contact an EEO counselor within forty-five days of the incident, as required by 29 C.F.R. § 1614.105(a).

We therefore find that equitable tolling is not appropriate, and accordingly, Defendant's motion for summary judgment must be granted on the grounds that Plaintiff failed to exhaust his administrative remedies.[8]

## IV. CONCLUSION

Defendant has met its burden of demonstrating that there exists no genuine issue of material fact that Plaintiff failed to exhaust his administrative remedies prior to filing this action with the Lehigh County Court of Common Pleas. Because Plaintiff has not shown that equitable tolling would be appropriate under these circumstances, summary judgment must be granted in favor of Defendant.

Our Order follows.

---

[8] Because we will grant Defendant's motion for summary judgment on exhaustion grounds, we need not address Defendant's argument that Plaintiff has failed to state a claim for which relief can be granted.